JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-16-005079

**EMILIO ARRIETA**
And other similarly situated individuals,

    Plaintiff(s),

v.

**PATRIOT SOLAR GROUP LLC**
a Foreign Limited Liability Company, individually

    Defendant(s).
_____/

## COMPLAINT

Plaintiff **EMILIO ARRIETA**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants, PATRIOT SOLAR GROUP LLC, a Foreign Limited Liability Company, individually; ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, residents of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, PATRIOT SOLAR GROUP LLC, a Foreign Limited Liability Company, having one of its locations in Broward County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

EXHIBIT "A"

5. Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County and payment was due in Broward County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendants as a non-exempt employee from on or about August 2013, through on or about September 2014; and on or about December 2014 through on or about January 2016.

9. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

10. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

11. Plaintiff, during relevant time period, from on or about August 2013, through on or about September 2014; and on or about December 2014 through on or about January 2016; was not paid 1.5 times his regular rate for the hours worked in excess of (40) hours each week, as provided by the FLSA.

12. Plaintiff was not paid all commissions earned for sales.

13. Plaintiff was laid off on or about September 2014 and re-hired on or about December 2014, with the promise of retroactive payment to November 21, 2014; but up to this date, Plaintiff has not received payment

EXHIBIT "A"

## COUNT I
### Wage & Hour Federal Statutory Violation against
### PATRIOT SOLAR GROUP LLC

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

15. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

16. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

17. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

18. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

19. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

20. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

21. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

22. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

EXHIBIT "A"

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *BREACH OF CONTRACT FOR FAILURE TO TO PAY COMMISSIONS ON SALES AND RETROACTIVE PAYMENT*

23. Plaintiff re-alleges and incorporates paragraphs 1 through 13 of this complaint as if fully set forth herein.

24. Defendant, breached the terms of the Agreement by not paying all commissions earned for sales and back pay to November 21, 2014.

25. Defendants' actions are in breach of the Agreement as contrary to the intent and conduct of the parties since the Agreement was entered into in December 11, 2014.

26. Defendant's conduct is in breach of the implied covenant of good faith and fair dealing found in every contract, including the Agreement entered into between Plaintiff and the Defendant.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## COUNT III:
### *PROMISORRY ESTOPEL*

27. Plaintiff re-alleges and incorporates paragraphs 1 through 13 of this complaint as if fully set forth herein.

28. Defendant made misrepresentations of material facts to Plaintiff in regards to promises made by Defendant in accordance to the terms of the Agreement.

EXHIBIT "A"

29. Defendant's promises to Plaintiff were definite and substantial in nature.

30. Defendant should have reasonably expected to induce action or forbearance on the part of Plaintiff based on their promises/misrepresentations.

31. Plaintiff reasonably relied on Defendant's promises/misrepresentations to his detriment as Defendant's promises/misrepresentations did in fact induce such action and forbearance by Plaintiff.

32. Enforcement of Defendant's promise to Plaintiff is necessary in order to avoid manifest injustice to Plaintiff.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant, jointly and severally, for compensatory damages, reliance damages, costs of this action and such other and further relief as this Honorable Court deems just.

## COUNT IV
### *FRAUD/INTENTIONAL MISREPRESENTATION*

33. Plaintiff re-alleges and incorporates paragraphs 1 through 13 of this complaint as if fully set forth herein.

34. As more fully set forth in Paragraphs incorporated herein, Defendant through its employee and/or agent, lead Plaintiff to believe that the terms and conditions agreed upon would be timely satisfied by Defendant. Such representations, as more fully set forth in Paragraphs above, were made through a series of communications with Defendant, beginning on or about December 11, 2014, continuing through at least January 2016. Those representations were false.

35. Defendant knew the aforementioned representations were false when they made such representations, or made the representations recklessly without any knowledge of their truth. Defendant mislead Plaintiff in this regard and its actions were willful, deliberate, malicious, and fraudulent, and furthermore, was conducted with conscious disregard of

EXHIBIT "A"

the rights of Plaintiff, thereby entitling Plaintiff to an award of exemplary or punitive damages.

36. Defendant made the aforementioned false representations with the intention that such false representations should be relied upon by Plaintiff.

37. Plaintiff expended substantial time and money in her effort to hold up her end of the Agreement.

38. The representations described above were false when made, were known by the makers to be false when made, and were made with the intention that Plaintiff act upon such representations.

39. Plaintiff would not have entered into said Agreement had the true nature of Defendant's actions been known to Plaintiff.

40. As a result of the foregoing, Plaintiff was damaged.

41. As direct and proximate result of Defendant's intentional misrepresentations, Plaintiff has been damaged in an amount well in excess of the jurisdictional limits of this Court, to be proven at trial. Therefore, because Plaintiff sustained a pecuniary loss as a result of the intentional fraud described in this Count, Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## COUNT V:
### DECEPTIVE AND UNFAIR TRADE PRACTICES ACT/ VIOLATION OF FLA. STAT. sec. 501.201, et.seq.

42. Plaintiff re-alleges and incorporates paragraphs 1 through 13 of this complaint as if fully set forth herein.

EXHIBIT "A"

43. Defendant violated Florida Statutes in contractual dealings with the Plaintiff.

44. Defendant were deceptive in agreeing to complete work according to terms and conditions of Agreement.

45. As a result, the Plaintiff has been damaged.

46. This is an action under Florida's Deceptive and Unfair Trade Practices Act ("DUTPA"), Fla. Stat. sections 501.201-213, which is a consumer protection law intended to protect the public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade or commerce.

47. As defined by Fla. Stat. sections 501.201, et seq., Plaintiff is a consumer.

48. Defendant engaged in unfair and/or deceptive trade acts or practices, as set forth in the above paragraphs.

49. Plaintiff has been actually aggrieved by the unfair or deceptive acts committed by Defendant.

50. These unfair acts and practices were committed by Defendant in the course of trade or commerce.

51. Defendant's unconscionable, deceptive and unfair acts and practices damaged Plaintiff.

52. As a result of Defendant's violation of DUTPA, Fla. Stat. sections 501.201-213, Plaintiff is entitled to recover its actual damages, which exceed Forty Thousand Dollars ($40,000), plus attorney's fees and court costs as provided in Fla. Stat. section 501.210.

WHEREFORE, the Plaintiff demands judgment in its favor and against Defendants, jointly and severally, for its actual damages, plus interest and pre-judgment interest, for all related damages including treble damages, compensatory damages, consequential damages, incidental damages

and punitive damages, attorneys' fees, court costs as provided in Fla. Stat. section 501.210, and any other further relief the Honorable Court deems just, and a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 3/21/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com

EXHIBIT "A"